UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
Jamell O'Neal, Angelo Brown, Steven Brown,
Naysean Chavis, Jonathan Dobey, Rudy Garcia,
Jason Martin, Tysan Robinson,

                Plaintiffs,

            -against-

United States of America, Federal Bureau of Prisons
and Warden Herman Quay, in his official capacity,

                Defendants.
-------------------------------------------------------------------X

**COMPLAINT**

**COMPLAINT**

Plaintiffs, complaining of the defendants, by and through their attorneys, Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf, & Carone, LLP, respectfully show to this Court and alleges that they were deprived their civil rights and sustained injury as a result of the deprivations of their civil rights and as a result of defendants' negligence.

**PRELIMINARY STATEMENT**

1. From late January to early February of 2019, and then again in early March of 2019, there was a humanitarian crisis taking place at the main federal detention facility in Brooklyn, New York. The conditions at the Metropolitan Detention Center ("MDC" or "the facility") were inhumane, violated the inmates' constitutional rights and caused irreparable harm to the plaintiffs who were all MDC detainees at the time.

2. On Sunday, January 27, 2019, there was a fire at MDC which resulted in a loss of power at the facility's West Building where plaintiffs were housed at the time.

3. Plaintiffs were locked in their cells with freezing conditions, were deprived access to heat, were deprived access to medication, were deprived access to their attorneys, were required

1

to be locked in their cells with freezing running water dripping down on them, were in the dark, were deprived of hot water, and for the minimum time when they were permitted to leave their cells, there was no security nor functioning cameras to ensure security.

4. Defendants did not initially even acknowledge the problem, took steps to hide the situation, and failed to address the deplorable inhumane conditions.

5. Defendants even issued misleading statements to the courts about the conditions in the facility.

6. Thus, plaintiffs bring this action seeking damages arising out of defendants' negligence and as a result of the violation of the rights secured by the Fourteenth Amendment of the United States Constitution.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, over claims arising under the Fourteenth Amendment of the United States Constitution.

8. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b), because that is the judicial district in which the defendants' facility is located and in which the circumstances giving rise to plaintiffs' claims arose.

## JURY DEMAND

9. Pursuant to the Seventh Amendment of the United States Constitution, plaintiffs request a jury trial on all issues and claims set forth in this complaint.

## PARTIES

10. Plaintiffs, at all times relevant to the claims brought herein, were federal detainees in the custody of the United States of America confined at MDC, located at 80 29th Street, Brooklyn, New York, in Kings County, and within the Eastern District of New York.

11. At all times material hereto, Defendant United States of America owned and operated the corrections facility known as MDC, in Kings County in the State of New York, and is the appropriate defendant under the Federal Torts Claims Act (FTCA).

12. Defendant BOP is a component of the United States Department of Justice. It is the federal agency that administers federal jail and prison facilities. It is responsible for the custody and care of more than 180,000 inmates nationwide.

13. Defendant Herman Quay is the Warden of the MDC in Brooklyn who has supervisory authority at MDC, who is employed by the Federal Bureau of Prisons of the United States Department of Justice, and acted within the course and scope of his employment and under color of law at all times relevant to this complaint.

## BACKGROUND

### A. The MDC

14. The MDC is the principal federal pre-trial detention facility in this District. It is operated by Defendant BOP and led by Defendant Herman Quay, the warden of the facility.

15. The vast majority of the more than 1,600 detainees held at the facility are being held prior to trial and thus are presumed innocent of the crimes for which they may ultimately be tried.

16. The plaintiffs herein were pre-trial detainees.

17. The facility relies heavily on electricity for heat, ventilation, warm water, electronic mail for contact with attorneys and family, to submit medical requests, prescription refills, and administrative grievances.

**B.     The Fire at the MDC**

18.    On January 27, 2019, a power source in the switch gear room in the West Building of the MDC caught fire, leading to partial and wide-ranging power outages.

19.    Following the fire, MDC inmates reported to their attorneys that there was little or no heating, no hot water, no electricity, no access to medical services, telephones, televisions, computers, laundry, or commissary. Inmates also reported that they smelled noxious fumes. Some inmates reported seeing BOP officers wearing masks. No inmates received masks.

**C.     The Conditions at MDC from January 27, 2019 to Early February 2019**

20.    All plaintiffs reported seeing BOP officers in winter clothing, hats, scarves, and heavy jackets.

21.    None of the plaintiffs had a jacket nor anything to cover themselves with except for a thin blanket.

22.    The units where plaintiffs were housed had cold air blowing from the vents.

23.    The lights were not functioning, leaving the plaintiffs in total darkness all day long.

24.    Plaintiffs were unable to fulfill their medical prescriptions.

25.    Plaintiffs were unable to request medical care.

26.    There was no running water for showers other than freezing cold water.

27.    Plaintiffs did not receive lunch until 6:00 pm in the evening.

28.    Plaintiffs had no jackets; some plaintiffs had no sweaters and only a t-shirt.

29.    There was no refill on supplies, plaintiffs were without toilet paper.

## CONDITION PRECEDENT

30.    Plaintiff Jamell O'Neal filed a claim under the Federal Tort Claims Act demanding damages of a set sum and has satisfied the jurisdictional prerequisites.

31. By letter dated March 4, 2019, plaintiff's claim was denied.

32. The other plaintiffs believe that they too have filed such claims but were unable to ascertain this information at the time of the filing of this complaint.

## DAMAGES

33. The unlawful, intentional, willful, deliberately indifferent, reckless, negligent, and/or bad-faith acts and omissions of the defendants caused plaintiffs to be damaged.

34. The unlawful, intentional, willful, deliberately indifferent, reckless, negligent, and/or bad-faith acts and omissions of the defendants caused plaintiffs the following injuries and damages, which were foreseeable to the defendants at the time of their acts and omissions, and which continue to date into the future: high blood pressure, headaches, extreme cold, exhaustion, mental anguish, emotional distress, for which they are entitled to monetary relief.

35. All the alleged acts, misdeeds and omissions committed by the individual defendant described herein for which liability is claimed were done negligently, intentionally, willfully, purposefully, knowingly, unlawfully, maliciously, wantonly, recklessly, and/or with bad faith, and said proscribed conduct of the individual defendant meets all of the standards for imposition of punitive damages.

36. Damages are in the amount to be determined at trial but are in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars exclusive of interest and costs.

## FIRST CAUSE OF ACTION
### Due Process Violation

37. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

38. The treatment and conditions that plaintiffs were subjected to constituted punishment without due process in violation of the Fourteenth Amendment.

39. Defendants had no legitimate purpose for the treatment of the plaintiffs.

40. Defendants had no legitimate purpose for leaving the plaintiffs to suffer for an extended period of time in constant freezing temperatures.

41. That by reason of the aforesaid, the Plaintiffs have been damaged in a sum to be determined by a jury.

## **SECOND CAUSE OF ACTION**
### **Negligence**
### **Federal Tort Claims Act**

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

43. Defendant United States of America, having a legal duty to plaintiffs as detainees in its care and custody, breached that duty in negligently operating and managing MDC.

44. The negligent operation and management of MDC committed by Defendants were a direct result of the negligence, carelessness, and recklessness of Defendant United States of America, its agents, servants, and employees, in failing to meet its duty of care to plaintiffs in its screening, hiring, training, supervising, evaluating and retaining Defendant Quay.

45. As a result of the negligence of Defendant United State of America, its agents, servants and employees, as aforesaid, plaintiffs have suffered physical injury, emotional harm, anguish, and have otherwise been injured.

**WHEREFORE**, plaintiffs respectfully request that this Court:

A. Assume jurisdiction over this matter;

B. Award compensatory damages to plaintiffs;

C. Award punitive damages to plaintiffs;

D. Convene and impanel a jury to consider the merits of this claim;

    E.    Award plaintiffs reasonable costs and interest; and

    F.    For any and all other relief to which he may be entitled.

Dated: Lake Success, New York
        September 4, 2019

_____
Amy Marion
Abrams, Fensterman, Fensterman, Eisman,
Formato, Ferrara, Wolf, & Carone, LLP,
3 Dakota Drive, Suite 300
Lake Success, New York 11042
(516) 328-2300